### RISK v. KANSAS TRUST & BANKING CO.

(Circuit Court, D. Kansas. June 29, 1893.)

**RECEIVERS—RIGHTS OF SECURED CREDITORS.**

The appointment of a receiver of an insolvent corporation on the bill of an unsecured creditor does not deprive secured creditors or their trustees of the right to possess, control, and enforce their securities, and, if the receiver has come into possession thereof, the court will require him to deliver them up.

In Equity.

In the matter of the application of Mr. A. G. Otis, a debenture bond holder, for the delivery of the mortgages securing his bonds by the receiver to a trustee for his benefit. Application granted.

H. M. Jackson, for petitioner.
David Martin, for receiver.

SANBORN, Circuit Judge. On March 13, 1893, the complainant in this action obtained a judgment at law against the defendant in this court for about $9,000. This judgment was based on an unsecured debt of the defendant, and the complainant had no beneficial interest in the debenture bonds hereafter mentioned that were issued by the defendant, or in the collaterals pledged for their payment. On the same day, upon motion of complainant, without notice to the secured creditors, and with the consent of the defendant, a receiver of the property of the defendant was appointed. Prior to the commencement of these proceedings the defendant had issued a series of debenture bonds called "Series A," in the following form:

"The Kansas Trust and Banking Company of Atchison, Kansas, for value received, is indebted unto the registered holder hereof if registered, otherwise to ———, in the sum of ——— dollars, which shall be due on the ——— day of ———, 18—. This bond draws interest at the rate of ——— per cent. per annum, payable semiannually, according to the interest coupons hereto attached. * * * This bond is secured by mortgages on real estate deposited with the First National Bank of Atchison, Kansas, in trust, in ac-

cordance with the certificate of said bank hereto attached, and without, which certificate this bond is not valid.

[Signed]                "The Kansas Trust and Banking Company."

. The certificate indorsed on the said debenture bonds was in the following form:

"I, ——, president or cashier of the First National Bank of Atchison, Kansas, hereby certify that as security for the due payment of the debenture bond of the Kansas Trust and Banking Company of Atchison, Kansas, hereto attached, there are deposited in this bank mortgages on real estate equal in amount to the amount of said bond. Said mortgages are not to be removed from the custody of the bank until the said bond is paid, and evidence of such payment is furnished to said bank, except on the condition that the said the Kansas Trust and Banking Company shall deposit in place thereof other mortgages equal in amount to those, or cash, at the option of the Kansas Trust and Banking Company."

This certificate was signed by the president or cashier of the bank. The face value of these outstanding bonds is $18,000, and they are all owned by Mr. A. G. Otis. They were secured by real-estate mortgages and their accompanying bonds or notes, which had been made by third parties, and deposited with the bank as security for these bonds, under the contracts above set forth. Under an order of this court, these collaterals, which amount upon their face to about $18,000, but which are insufficient in value to pay these debenture bonds, were delivered to the receiver of the defendant's property pending an application of Mr. Otis for an order for their delivery to him, or to a trustee or receiver for his benefit. That application is now to be disposed of.

The application must be granted. The receiver in this case represents the insolvent debtor and its unsecured creditors. He has no higher right to these collaterals than the debtor had. He is the receiver of the property of the insolvent debtor. He is not the receiver of the property of the secured creditors of that debtor. The contract of the debtor was that these mortgages should not be removed from the custody of the bank until the bonds were paid, except as other mortgages, equal in amount, were deposited in their place. The debtor has not paid, and cannot pay, the bonds. The collaterals are of less value than the amount of the debt they are pledged to secure. Mr. Otis owns that entire debt, and is in reality the only person beneficially interested in the notes and mortgages pledged to secure it. The only right the defendant or its receiver has here is the right to redeem these collaterals by paying the bonds, and that is a right without value.

The appointment of a receiver of an insolvent corporation on the bill of an unsecured creditor does not avoid its contracts with secured creditors, or deprive them or their trustees of the right to possess, control, and enforce their securities. High, Rec. § 359; In re Dissolution of Home Provident Safety Fund Ass'n, (N. Y. App.) 29 N. E. Rep. 323. When the receiver pays the bonds he will be entitled to the possession of the collaterals, but until that time the creditor to whom they belong, or a trustee for his benefit, is entitled to their possession, and is entitled to enforce their collection in the interest of the creditor for whose benefit they were pledged.

I will appoint a trustee, to whom the receiver may deliver these bonds, and who may proceed to collect them, to pay the debenture bonds from their proceeds, to report his acts to this court, and to pay over any surplus remaining after paying the bonds, if any there should be, to the receiver of the defendant's property.