### CITY OF EAU CLAIRE v. PAYSON et al.

(Circuit Court of Appeals, Seventh Circuit. June 25, 1901.)

1. JURISDICTION OF FEDERAL COURTS—CITIZENSHIP OF PARTIES—SUIT BY ASSIGNEE.

A city in Wisconsin granted a waterworks franchise to citizens of another state, and contracted with the grantees for the rental of fire hydrants. The grantees at once assigned their rights under the ordinance and contract to a Wisconsin corporation, which constructed waterworks and furnished the hydrants required by the contract. The company also made a trust deed to a citizen of another state to secure bonds by which it pledged the rentals to become due from the city for the payment of interest on the bonds. *Held*, that the fact that the contract was originally made between the city and a citizen of another state did not give a federal court jurisdiction of a suit by the trustee in the mortgage against the city to collect rentals due the water company arising out of such contract, the cause of action being one which never existed

in favor of the original grantees, but which accrued in the first instance in favor of the company, in whose right alone the action was maintainable.[1]

**2.** EQUITY JURISDICTION—ENFORCEMENT OF LEGAL LIABILITY—SUIT BY EQUITABLE ASSIGNEE.

A right of action in favor of the trustee in a mortgage given by a water company against a city, to enforce payment of rentals due the mortgagor under a contract, can only exist by reason of some lien upon or equity in such rentals given by the mortgage, either by express pledge or by operation of law; and in either case neither the trustee nor a receiver appointed at its instance in a foreclosure suit against the company can maintain a suit in equity against the city, where the company's right of action is at law, since the holding of an equitable title to a legal right of action does not entitle the holder to sue in equity.

**3.** SAME.

The fact that a city has failed to levy and collect a specific tax to create a special fund for the payment of water rentals, as required by its contract and authorized by statute, while it may authorize a suit in equity to compel the levy and collection of such tax in the future, does not give equity jurisdiction of a suit to collect rentals previously accrued.

On Petition for Rehearing. For former opinion, see 107 Fed. 552.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

WOODS, Circuit Judge. The first point decided on this appeal was that, the city of Eau Claire and the water company both being corporations of Wisconsin, the assignee of one of them could not sue the other upon the contract between them in a federal court. To this two objections are now urged. The first is that the contract of the city was not with the water company, but with Fairbanks, Morse & Co., described in the ordinance as "of the city of Chicago, state of Illinois." Does the fact affect the relations of the parties to this suit? It is shown both by the bill and by the petition of the receiver that, upon the acceptance of the ordinance, Fairbanks, Morse & Co. assigned their rights thereunder to the water company, and that that company thereupon proceeded to build a system of waterworks within the city, pursuant to the terms and conditions of the contract. It follows that Fairbanks, Morse & Co. neither constructed, owned, nor operated the waterworks, and could have had no claim under the contract against the city for rentals or for other cause arising out of the operation of the plant. Whatever liability there is on the part of the city for rentals accrued directly to the water company. It never existed in favor of and was never assigned by Fairbanks, Morse & Co. to the water company. When a franchise is thus conferred upon a nominal grantee, for whom forthwith a local company is substituted by assignment, who proceeds to construct and operate the contemplated system of works, is to be said that for the life of the charter—30 or 60 years—all causes of action in favor of the company, if assigned to a citizen and resident of another state, will be cognizable in the federal court merely because the company came into pos-

---

[1] Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249, and Mason v. Dullagham, 27 C. C. A. 298.

session of the franchise by assignment from the nominal nonresident holder, instead of by direct grant from the city. It is not to be believed that congress contemplated such result, nor is it clear that the language of the statute compels it. Morgan v. Gay, 19 Wall. 81, 22 L. Ed. 100; Metcalf v. City of Watertown, 128 U. S. 586, 9 Sup. Ct. 173, 32 L. Ed. 543. See, also, Adams v. Shirk, 44 C. C. A. 653, 105 Fed. 659; Smith v. Packard, 39 C. C. A. 294, 98 Fed. 793. It is to be observed, too, that a large percentage of the amount alleged to be due from the city is for the rent of 119 hydrants not required by the ordinance, and to that extent certainly the cause of action does not arise out of the contract evidenced by that ordinance. The whole question, however, is unimportant, because the record does not show that the members of the firm of Fairbanks, Morse & Co. (not alleged to be a corporation) were not resident citizens of Wisconsin when the suit was brought. The description in the ordinance, if otherwise sufficient, as it clearly is not, to show the citizenship of the members of the firm, or of the corporation if it be one, relates only to the date of the passage of the ordinance.

The second objection is that "the complainants, through the receiver," are not "seeking to enforce against the city any right of action which has by the trust deed been assigned to the complainants"; that "under the laws of Wisconsin the trust deed did not operate to assign anything, and the complainants could not have sued on the theory that they had acquired title to any legal or equitable interest in the contract, or to any rights of action of the water company thereunder"; and that, upon the appointment of the receiver, "per force of law the complainants became entitled to the rights incident to lawful possession, and were thus subrogated to the rights of the water company respecting rents and profits, without assignment and regardless thereof, if any [assignment] had been made." This is a distinct departure from the theory of the bill and of the original briefs and the argument at the hearing. "The bill charges," says the original brief for the appellees, "that under said ordinance certain hydrant rentals therein provided for were charged with the payment of interest on any bonds which might be issued for the construction of the waterworks plant;" and, besides other expressions of like significance, the supplemental brief for the receiver says: "The receiver represents all interests and property to which the lien of the mortgage extends. It extends to the hydrant rentals, and the moneys raised to pay the same constitute a trust fund upon which the bondholders have a specific lien and primary claim to so much thereof as may be necessary to discharge interest on their bonds." The general doctrine is that the lien of a mortgage, even when it in terms embraces the income of the property mortgaged, will attach only to income that accrues after the bringing of a suit to foreclose (Dow v. Railroad Co., 124 U. S. 652, 8 Sup. Ct. 673, 31 L. Ed. 565; Sage v. Railroad Co., 125 U. S. 361, 8 Sup. Ct. 887, 31 L. Ed. 694, and cases cited); but if the express assignment stipulated in this deed of trust be ignored, and the appellees be allowed to assume the attitude of claiming such equitable in-

terest in the accrued and unpaid rentals as results from the appointment of a receiver under the doctrine of Gaynor v. Blewett, 82 Wis. 313, 52 N. W. 313, and authorities there cited, it was nevertheless an interest acquired by force of the mortgage, operating, in effect, as an assignment of a chose in action, payment of which may be enforced only by an appropriate procedure. It affords no ground for distinguishing this from the case of New York Guaranty Co. v. Memphis Water Co., 107 U. S. 205, 2 Sup. Ct. 279, 27 L. Ed. 484, cited in our opinion, that in Wisconsin a mortgage does not transfer title, and that in Tennessee it does (if that be so), since in both cases the subject of the transfer was a chose in action arising out of an ordinance of which no delivery could have been made or intended, and the assignment of necessity carried only an equitable interest. It results, therefore, as we first held, that for the purpose of compelling payment of the accrued rentals the city was not a proper party to the suit. There was in fact no special fund arising from a special tax levied and collected as contemplated by the ordinance of the city and the statute of the state. Out of the general levy, though intended to include provision for the payment of water rentals, no amount had been set aside as a hydrant fund. But no sufficient reason is shown for invoking the doctrine that equity will treat as done what ought to have been done. That doctrine can reasonably be invoked only when adequate relief at law is impracticable. The ultimate relief sought in this instance is a judgment for the payment of money according to promise, and it would add nothing to the remedy to obtain a decree in equity that the defendant has or ought to have in its possession a fund of its own production or creation with which to pay the debt, and subject to a lien for that purpose. The petition does not seem to adhere consistently to the assertion that "the complainants could not have sued on the theory that they had acquired title to any legal or equitable interest in the contract or to any right of action of the water company thereunder." In the discussion of the question of jurisdiction in equity, after reaffirmation of that proposition on the authority of decisions referred to, it is insisted that, "upon the facts appearing, other decisions show that the contract, in connection with the trust deed to which the city has by its contract made itself a party, does operate to give the complainant trustee a lien upon the fund in possession of the city, and that such fund is pro tanto impressed with a trust requiring that it be applied to the payment of interest on the bonds."

It is urged further that the water company has the right to have a specific fund raised for the payment of hydrant rentals, and that the complainants have additional reasons for invoking equitable relief, in that "they have no title to the rights of the water company as against the city, but merely an equitable lien thereon, which equity only can enforce by giving the complainants possession, and thus subrogating them to the water company's rights incident to rightful possession." This is but a repetition of the attempt to evade the effect of the trust deed as an assignment or pledge of the hydrant rentals. Subrogation, like other equitable doctrines, is in-

voked when conscience requires it, to effect the purpose of an assignment when none in fact had been executed, or to supply an essential defect in an assignment made; but what precedent can be found for invoking subrogation in lieu of an actual assignment in no respect defective? The only present purpose or effect would seem to be to make cognizable in equity a dispute which otherwise must be determined at law. By force of the express assignment in this instance, it is true, the trustee in the deed of trust acquired only an equity in the rentals due from the city, but the right was in no sense dependent on possession of the waterworks plant or upon the doctrine of subrogation. The water company could have sued at law to recover any sum due, and so could the trustee, in the name of the water company, for the uses of the trust, and so now may the receiver sue at law for the recovery of the sums in question. It is, perhaps, true that the water company, by a suit in equity, might have compelled the annual levy and collection of the specific tax stipulated, and the setting apart of the proceeds as a special fund to be used only in the manner stipulated, and it may be that, if that relief had been sought in the present bill, the making of the city a defendant would have been proper and necessary; but all that is aside from the question, by what form of action or proceeding may the city be compelled to pay rentals due, for which, in violation of the contract, there had been a failure to levy and collect, and to set aside the proceeds of the special tax contemplated? It is conceded in the petition "that the holding of an equitable title to a legal right of action does not entitle the holder to sue in equity, and that a right of action cannot be made cognizable in equity by praying equitable relief not essential to the legal relief prayed"; and, that much conceded, there is nothing left of this dispute in its present aspect. To paraphrase the language of the opinion of the supreme court in the Memphis Case, it may be that the court below has power to direct the receiver to prosecute a proceeding against the city, as ancillary to its administration of the mortgage fund, to compel payment of the sum due, "but it must be a proper proceeding adapted to the nature of the demand." See White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67; Krippendorf v. Hyde, 110 U. S. 276, 287, 4 Sup. Ct. 27, 28 L. Ed. 145. "The form of the proceeding," it was said in the last case, "must be determined by the circumstances of the case." In this instance, following the opinion in the Memphis Case, it would seem that the proceeding should be conformed to an action at law, with a right of trial by jury if insisted upon; but the point which we decide now, as before, is that without a regular and formal trial and determination of the fact and amount of liability on the part of the city the court erred in requiring, as it did, a part of the sum demanded to be paid to the receiver. The petition is denied.