## WHELAN v. ENTERPRISE TRANSP. CO.

(Circuit Court, D. Massachusetts. July 20, 1908.)

### No. 405.

1. COURTS—FEDERAL COURTS—FEDERAL JURISDICTION.
   Where federal jurisdiction attaches at law at the same time jurisdiction attaches for some purpose in equity, and vice versa.

2. RECEIVERS—CLAIMS—NATURE OF PROCEEDINGS
   Where a receiver for a corporation was appointed by a bill of equity in the federal courts, the receiver thereby did not become entitled to maintain a petition in such suit in the nature of a plenary bill in equity against a person not a party to the receivership proceedings, to recover on a purely legal demand; the receiver's remedy in the federal Circuit Court at law being adequate.

3. JURY—RIGHT TO JURY TRIAL—WAIVER—CLAIMS AGAINST RECEIVER.
   That a creditor of an insolvent corporation, for which a receiver had been appointed in equity, filed a claim against the estate, did not constitute a waiver of the claimant's right to a jury trial in a proceeding brought by the receiver against the claimant, not by way of set-off, but to recover a purely money demand.

In Equity.

On plea of Holt and others to petition of receiver and on motion to dismiss.

Albion L. Millan and Morse & Friedman, for intervening creditor Van Raalte.

Brandeis, Dunbar & Nutter, for Beadleston and Woez.

Dickinson & Dickinson and Saml. Williston, for receiver.

LOWELL, Circuit Judge. The receiver, appointed by this court, filed a petition in this court which, by the stipulation of parties, may be taken to be the equivalent of a plenary suit in equity ancillary to the principal receivership suit. The petition set out that the defendant Paige, an insurance agent, had collected payment under insurance

policies for certain losses suffered by the corporation. The sums thus collected he refused to turn over to the receiver, alleging that he was entitled to keep them and apply them in satisfaction of his claim against the corporation for unpaid premiums advanced to it by him. This last-mentioned claim he has duly filed in the principal suit, seeking payment thereof from the estate. To the petition, treated as a bill in equity of some sort, he has demurred, upon the ground that the proceeding by way of petition denies him his right of jury trial. He also urges that the receiver has an adequate remedy at law. The receiver admits that his claim against Paige is not in its nature cognizable in equity. He makes the following contention in support of his petition:

That in White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67, the appoinment of a receiver in a proceeding of which the federal court has rightly taken jurisdiction was held to give to that court jurisdiction to collect, by way of proceedings in equity, all claims of the receiver against the corporation's debtors. In other words, that the due appointment of a receiver by a court of equity gives to that court jurisdiction to proceed in equity to collect any and all of the receiver's claims, though against persons not parties to the original bill. Counsel for Paige contends, on the other hand, that White v. Ewing must be taken to hold that the jurisdiction conferred upon the Circuit Court by the receiver's appointment is conferred upon that court generally, and not upon the Circuit Court only as a court of equity. Paige admits the jurisdiction of the Circuit Court to enforce this claim by way of a common-law suit, and bases his demurrer to the petition solely upon the procedure in equity sought by this petition, and upon its consequent denial of jury trial. The receiver, in effect, asserts that, as the proceedings originated in equity, they must remain equitable. He does not deny that a court of equity may frame issues for trial at law and send them to a court of law for trial. That is a well-recognized function of a court of equity. He does deny that the jurisdiction of a court of equity can extend the jurisdiction of a court of law in a manner unknown to the principles of English chancery. Hence he contends that the proceedings to collect the receiver's claims, termed ancillary in White v. Ewing, must necessarily be equitable.

Paige is not satisfied to seek a jury trial from the chancellor's discretion, though he is ready to meet it in a federal court. His contention, in effect, is this: If the receiver here brings an action at law against Paige, he needs no justification for the form of this action. He alleges money had and received by Paige to his use. A court of law is the proper forum for the receiver's recovery. So far all is clear. To maintain his action at law in the Circuit Court, as Paige asserts that he may, not only must the receiver have a claim enforceable in an action at law, but the federal court, as such, must have jurisdiction to entertain the action. We thus pass from the general principles of the common law and from the practice of the English Court of Chancery to the nature and limits of federal jurisdiction.

In our jurisprudence, the courts of common law and of equity are interdependent. Neither is complete without the other. Legal remedies may be ineffective or too harsh, unless strengthened or soft-

ened by the more flexible procedure of equity. The judgments of a court of law must sometimes be modified by a court of equity. Now if federal jurisdiction, once attached at law, did not at the same time attach for some purposes in equity, and vice versa, our federal courts would be less efficient instruments of justice than other courts of English speaking people. Accordingly, the Supreme Court held, in Dunn v. Clarke, 8 Pet. 1, 8 L. Ed. 845, that the Circuit Court had jurisdiction to restrain, without regard to citizenship, the devisee of a plaintiff from enforcing a judgment obtained by the latter at law. "The injunction bill is not considered as an original bill between the same parties as at law." 8 Pet. 3, 8 L. Ed. 845. Yet in the purview of an English Court of Chancery such a bill would undoubtedly be original. Minnesota Co. v. St. Paul Co., 2 Wall. 609, 633, 17 L. Ed. 886. It was ancillary only quo ad federal jurisdiction. Home Ins. Co. v. Virginia-Carolina Chem. Co. (C. C.) 109 Fed. 681, 686.

The principle that, where a federal court acquires jurisdiction of a controversy by proceedings either at law or in equity, it acquires jurisdiction of the controversy for the purpose of further proceedings both at law and in equity, was further established by the cases referred to in White v. Ewing. Thus it was said, in Krippendorf v. Hyde, 110 U. S. 276, 287, 4 Sup. Ct. 27, 32, 28 L. Ed. 145:

"The form of the proceeding, indeed, must be determined by the circumstances of the case. If the original cause, in which the process has issued or the property or fund is held, is in equity, the intervention will be by petition pro interesse suo, or by a more formal but dependent bill in equity, if necessary. Relief, either in a suit in equity or an action at law, may properly be given, in some cases, in a summary way, by motion merely, supported by affidavits. In actions at law, where goods have been taken in execution after judgment, or upon attachment before, a proceeding in the nature of an interpleader might be appropriately ordered by the court, such as was given in the English practice to the officer by St. of 1 & 2 Will. IV, c. 58 (2 Lush's Pr. by Dixon, 777), and in that the respective rights of the claimants to the property could generally be tried, as in an action at law, by a jury, upon a formal issue framed for that purpose, or with the consent of the parties by the court, or, if the claim was such as that it could be determined only upon principles of equity, as administered in courts of that general jurisdiction, it would be proper to provide relief upon a bill of that nature, filed for that purpose. If the statutes of the state contained provisions regulating trials of the right of property in such cases, it might be most convenient to make them a part of the practice of the court, as contemplated by sections 914, 915, and 916 of the Revised Statutes (U. S. Comp. St. 1901, p. 684). In whatever form, however, the remedy is administered, whether according to a procedure in equity or at law, the rights of the parties will be preserved and protected against judicial error, and the final decree or judgment will be reviewable, by appeal or writ of error, according to the nature of the case."

The controversy thus brought within the federal jurisdiction, both legal and equitable, has been extended in some cases to include persons not parties to the original action at law or to the bill in equity. Here we are not concerned, as in Hobbs v. Gooding, 164 Fed. 91, with the limits of the controversy over which the federal court acquires jurisdiction at law and in equity. Here it is admitted that the Circuit Court, either as a court of law or as a court of equity, has jurisdiction of proper proceedings to enforce the receiver's claim

against Paige. That the collection of this claim, even against Paige, who was not a party to the original bill, is yet so far ancillary to the original bill and so far a part of the controversy with which the original bill dealt that the federal court has jurisdiction, is conceded by Paige. The court has to determine only if the proceeding which is styled by the Supreme Court ancillary to bills in equity is necessarily equitable or, in an appropriate case, may be an action at law. The cases cited establish that, in this sense, a bill in equity may be ancillary to an action at law, and the converse seems to follow. If the Circuit Court has jurisdiction of an action at law by the receiver to collect this claim, his remedy at law is adequate. The question hitherto discussed must be answered in favor of Paige.

This conclusion avoids the unpleasant consequences which Paige suggested in argument. To-day B. owes A. a sum of money. B. can be sued only at law. To-morrow C. is appointed receiver of A. and proceeds against B. in equity. B.'s right to a jury trial has disappeared. The receivership suit may have been collusive in order to oust B. of his right. B., it seems, cannot raise this objection. Instead of asserting a right, he must apply to the discretion of the chancellor.

It is urged by the receiver that in White v. Ewing the receiver's claim was legal in its nature, as in the case at bar, and that the receiver was allowed to proceed in equity. The Supreme Court said, however:

"No exception was taken to the form of the bill by demurrer or otherwise," and "the question certified does not, as we understand it, demand the opinion of this court as to whether a single bill against all these defendants would lie for the amounts severally due by them (upon which point we do not feel called upon to express an opinion); but whether, so far as in said suit the receiver claimed the right to recover from any one debtor a sum not exceeding $2,000, the court had jurisdiction to render a judgment against them." 159 U. S. 38, 15 Sup. Ct. 1018, 40 L. Ed. 67.

The precise question here raised was decided by the Circuit Court of Appeals for the Sixth Circuit in Peck v. Elliott, 79 Fed. 10, 24 C. C. A. 425, 38 L. R. A. 616, and in Cunningham v. Cleveland, 98 Fed. 657, 660, 39 C. C. A. 211, and was there decided in favor of the receiver. It was also decided in Eauclaire v. Payson, 109 Fed. 676, 48 C. C. A. 608, in the Circuit Court of Appeals for the Seventh Circuit, and was there decided in favor of the contention here made by Paige. This court follows the latter decision for the reasons above stated, and holds that the jurisdiction over the controversy acquired by filing the original bill in equity extends to an action at law brought in the Circuit Court to enforce the receiver's claim. If this be true, both sides admit that White v. Ewing is not conclusive in the receiver's favor.

The court has next to consider if the fact that Paige filed a claim against the estate in the hands of a receiver appointed by a court of equity brings him within the jurisdiction of that court of equity for the purpose of the collection of the receiver's claim against him. That Paige cannot obtain as matter of right a jury trial concerning his claim against the estate may be admitted, but from this it does not follow that he waives his right to a jury trial in case of a claim brought

by the receiver against him, where that claim is made, not by way of set-off, but for the purpose of taking money out of Paige's pocket. Upon the whole, I think that Paige is right in this contention also.

Demurrer sustained.