ROBINSON v. MUTUAL RESERVE LIFE INS. CO.   SCOVILL v. SAME.

RUSSEL et al. v. ELDRIDGE et al.

(Circuit Court, S. D. New York.   December 30, 1909.)

**1.** RECEIVERS (§ 176*) — FEDERAL COURTS—EQUITY JURISDICTION—ANCILLARY
BILL BY RECEIVER.

A receiver of a federal court cannot maintain an ancillary bill in equity,
where he has an adequate remedy at law in the same court.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 345; Dec. Dig.
§ 176.*]

**2.** EQUITY (§ 219*)—LIMITATION OF ACTIONS (§ 182*)—LACHES—PLEADING.

A bill which shows on its face great laches and a plainly stale claim
may be dismissed on demurrer; but, where the statute of limitations is
relied on, it should in general be pleaded.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 498; Dec. Dig. §
219;* Limitation of Actions, Cent. Dig. §§ 676–682; Dec. Dig. § 182.*]

In Equity.   Suits by James C. Robinson and by Reuben Q. Scovill,
respectively, against the Mutual Reserve Life Insurance Company,
with ancillary bill by the receivers of said company against George D.
Eldridge, George Burnham, Richard Deeves, Horace H. Brockway,
Edward M. L. Ehlers, and Charles E. Mabie.   On demurrers.   Demurrers sustained.

See, also, 162 Fed. 794, 798, 800.

William Beverly Winslow (James Byrne, of counsel), for complainants.

Lord, Day & Lord (Howard Mansfield, of counsel), for defendant
Brockway.

Fred. H. Patterson (Clarence Winter, of counsel), for defendant
Ehlers.

Kurzman & Frankenheimer (John Frankenheimer, of counsel), for
defendant Deeves.

WARD, Circuit Judge.   The demurrers in this cause have been so
ably argued, both orally and on the briefs, that counsel will need little
more than a statement of my conclusions.

The bill states four causes of action, which may be prosecuted in
suits in this court ancillary to the receivership, without regard to the
citizenship of the parties or the amount involved.   But I think, in accordance with the opinion of Judge Lowell in Whelan v. Enterprise
Transportation Co. (C. C.) 164 Fed. 95, that the difference of jurisdiction at law and in equity must still be observed.   The causes of action are independent and unrelated, and some of them do not affect all
the demurring defendants.   The bill asks for no discovery; no accounting is necessary for ascertaining the amounts claimed; no fraud
is alleged, except on the part of Brockway as to the salary which he
is charged with receiving for the purpose of paying it over to the late
president of the association.   The allegations of misconduct on the
part of the other demurring defendants are rather vague.   I think the
complainants have a plain, adequate, and complete remedy at law, a
question which was not considered in the case of Warner v. Pennoyer,

91 Fed. 587, 33 C. C. A. 222, 44 L. R. A. 761. The bill, in my opinion, lacks equity and is multifarious.

It is unnecessary to pass upon the effect of the statutes of limitation. A bill which shows on its face great laches and a plainly stale claim may be dismissed on demurrer. Speidel v. Henrici, 120 U. S. 377, 7 Sup. Ct. 610, 30 L. Ed. 718. When, however, the statute of limitations is relied on, it should, generally speaking, be pleaded as a defense, because the court can better determine on the trial whether the reasons given why the defendant should not have the benefit of it are good.

The demurrers are sustained, with costs. Submit order on notice.