No. 10,494.

THE HENDRIE & BOLTHOFF MANUFACTURING AND SUPPLY CO. *v.* BECK, RECEIVER.

Decided December 4, 1922.

Petition by a receiver for the surrender of collateral securities held by creditors of the receivership estate. Petition granted.

### *Reversed.*

### *On Application for Supersedeas.*

1. RECEIVERS—*Pledgor and Pledgee—Collaterals.* The rule that a pledgee is entitled to possession of the pledged property as against the receiver of the pledgor, held applicable to the case under consideration.

*Error to the District Court of Adams County, Hon. Samuel Johnson, Judge.*

Mr. WILLIAM W. GRANT, JR., for plaintiff in error.

Mr. HARRY S. CLASS, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS cause is before us on an application for a supersedeas, and was brought here on a writ of error to review an order, in a receivership case, compelling certain creditors of the receivership estate to surrender to the receiver the notes and bonds held as collateral security by each of such creditors respectively.

The record before us begins with a petition in a case entitled D. L. Daron, plaintiff, vs. The National Beet Har-

vester Company, defendant. This petition was filed by the receiver of the defendant. It alleges, in substance, that The Hendrie & Bolthoff Mfg. & Supply Company, and others, claim to be creditors of the defendant and hold certain notes and bonds as collateral security; that prior to the appointment of the receiver the defendant company issued certain bonds wherein and whereby the property of the defendant is pledged as security for the payment of the bonds; that some of the bonds were delivered and hypothecated for certain debts incurred prior to the receivership, and that the creditor above named, and others, are holding a part of such bonds as collateral security. It is further alleged that if the collateral securities are permitted to remain in the hands of the present holders, a great part of the securities will be lost to the estate and that it is necessary that immediate steps be taken by the receiver to realize on and collect the same. The petition prays that the creditors be required to turn over to the receiver such notes and bonds.

The Hendrie & Bolthoff Company, above named, filed an answer, in response to a rule to show cause, in which it is admitted "that it holds certain collateral for an account due to it from the defendant," and it is alleged, in substance, that the account amounts to approximately $21,000; that the collateral consists of "merchandise and stock notes" aggregating $9,725.98, a note for $10,000 endorsed by directors of defendant, and $10,000 in bonds of the defendant; that none of the collateral will be lost by remaining in its hands; that it is being collected as it comes due and is being credited on defendant's account, and that the receiver can take no more effective and immediate steps for collection than can the answering creditor, the holder of the collateral.

The receiver filed a demurrer to the answer. The demurrer was sustained. Thereupon, and without the taking of any evidence, the court made the order described at the beginning of this opinion, and The Hendrie & Bolthoff

Manufacturing & Supply Company has sued out this writ of error.

The sole question presented is whether or not the court erred in ordering the creditor, the plaintiff in error, to deliver to the receiver the possession of collateral security, in the form of notes and bonds, which, it is admitted, the creditor received prior to the receivership.

The facts to which the opinion and decision in this case will be made applicable are those alleged in the answer, the allegations of which are admitted by the demurrer. None of the collateral will be lost to the estate by remaining in the hands of the creditor. The receiver could not realize on it any more effectively than the creditor. There is no allegation in the petition, nor proof, that the collateral was pledged or delivered to the plaintiff in error in fraud of other creditors.

We do not hold that there may not exist circumstances under which the receiver would be authorized to take possession of collateral in the hands of the pledgee, but so far as the record in this case is concerned, and under the admitted facts, such circumstances are not found here.

We are not advised by the record how the receiver came to be appointed. Neither does it appear what agreement the creditor had with the debtor with reference to the notes and bonds deposited with the former by the latter, except that the notes and bonds were "collateral for an account" due to plaintiff in error from the receivership estate. The trial court's order was for the surrender of the entire amount of collateral held by the creditor.

The case, under its facts, falls within the rule laid down in 34 Cyc. 227, as follows:

"A pledgee is entitled to the possession of the pledged property as against the receiver of the pledgor, and to enforce his security in accordance with the contract under which he holds."

A more concise statement of the rule is given in a late work, Tardy's Smith on Receivers, section 266, as follows:

"The possession of a pledgee can not be disturbed by a

receiver of the pledgor, unless the debt is paid."

This rule was applied in *Risk v. Kansas Trust & Banking Co.,* 58 Fed. 45, where a creditor, a debenture bond holder, was held to be entitled to the possession and control of mortgages securing his bonds, after the appointment of a receiver for the debtor. The court said:

"When the receiver pays the bonds he will be entitled to the possession of the collaterals, but until that time the creditor to whom they belong, or a trustee for his benefit, is entitled to their possession * * *."

The court also made the following statement, which is quoted in sec. 169, Alderson on Receivers:

"The appointment of a receiver of an insolvent corporation on the bill of an unsecured creditor does not avoid its contracts with the secured creditors, or deprive them or their trustees of the right to possess, control and enforce their securities."

Consistent with the foregoing authorities is the following from sec. 181, Alderson on Receivers:

"And property held as collateral security for a contingent liability, as that of indorser of a note, may be held against a receiver appointed during the pendency of an administration suit."

The Risk case, *supra,* cites section 359, High on Receivers. That section while dealing with receivers of National Banks nevertheless states a principle which is applicable here. The author there says:

"When * * * the bank has deposited notes constituting a part of its assets with a creditor as security for advances, the bank itself being concluded by the deposit or pledge, the receiver is not entitled to such notes, and cannot maintain an action therefor until the creditor or pledgee is made whole for his advances."

To the same effect, and citing the Risk case, is *Brackett v. Middlesex Banking Co.,* 89 Conn. 645, 95 Atl. 12, and *National Exchange Bank v. Benbrook, etc. Co.,* (Tex.) 27 S. W. 297.

Under the authorities above cited, the court erred in sustaining the demurrer to the answer and in entering the order herein complained of. In so far as it affects the plaintiff in error, the order is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE TELLER concur.