JONES & LAUGHLINS, Limited, v. SANDS et al.

(Circuit Court of Appeals, Second Circuit. April 8, 1897.)

APPEAL — ANCILLARY RECEIVERSHIP — RIGHTS OF NONRESIDENT CREDITORS — FINAL ORDER.

An order of the circuit court, denying the petition of nonresident creditors of an insolvent foreign corporation to be made formal parties to a suit for the appointment of ancillary receivers, and to be allowed to participate in the distribution of assets by such receivers, is not a final determination of the creditors' right to participate in such distribution, from which an appeal will lie to the circuit court of appeals.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Lockwood & Hill, for appellants.
Frederic G. Dow, for appellees.

Before WALLACE and SHIPMAN, Circuit Judges.

PER CURIAM. This is an appeal by Jones & Laughlins, creditors of an insolvent Connecticut corporation. At the suit of a stockholder of the corporation, brought in behalf as well of all the other stockholders and of the creditors of the corporation, receivers of all its property and assets were appointed, to collect and dispose of its assets and pay its debts, by a court of the state of Connecticut having jurisdiction of the parties and the subject-matter. Thereafter a bill was filed in the United States circuit court for the Southern district of New York in a suit between the same parties, alleging the insolvency of the corporation, setting forth the proceedings in the suit in the Connecticut court, alleging the corporation to have property and assets within the state of New York, and praying for the appointment of ancillary receivers to collect and administer such as-

79 F.—58

sets; and a decree was made in the cause appointing such receivers. The decree, among other things, provided as follows:

"Such receivers shall forthwith make and file an inventory and advertise for claims of the resident creditors of the corporation, taking the instructions of the court from time to time as to the conduct of the receivership, shall take prompt action to collect all debts due the corporation maturing in this state, and under the direction of the court shall dispose of the assets, doing such work as may be necessary to put unfinished goods in a proper condition for sale, and depositing the proceeds in bank or trust company, as the court may direct. Directions as to the disposal of any surplus remaining after payment of all creditors resident in this state will be given in due time by this court."

Thereafter the appellants filed a petition in the cause upon the theory that, although they were nonresident creditors, they were entitled to share in the distribution of the assets, and praying that so much of the order as limited the right of nonresident creditors to participate in such distribution be vacated and set aside, and that due notice of all further proceedings in the cause be served upon the petitioners. From the order denying the prayer of the petition the present appeal was brought. Appellees have moved to dismiss the appeal.

The petitioners are parties to the cause, being represented by the receivers. As such they are entitled at any time by petition to present any questions affecting their rights which they desire to have heard and determined by the circuit court; and from any determination made by the court touching these rights, which is final in its nature and effect, they are entitled to appeal. It is wholly a matter of discretion whether the court will allow such quasi parties to become formal parties to the cause by intervention. Forbes v. Railroad Co., 2 Woods, 323, Fed. Cas. No. 4,926; Anderson v. Railroad Co., 2 Woods, 628, 630, Fed. Cas. No. 358. In the opinion by the court below, denying their petition, Judge Lacombe said:

"If any creditor not a resident of this state believes that he is entitled to participate in such distribution, he may submit proof of his claim to the receivers. If they reject the claim, as, under the practice prevailing here, they undoubtedly will, such creditor is entitled to have the propriety of such action passed upon by the master to whom, in the first instance, all disputed questions as to allowance or disallowance of claims are to be presented. If the master's decision be adverse to the creditor, he may review it upon exceptions to the report, and, if such exceptions be overruled by the circuit court, such determination is a final decree, from which he may appeal to the circuit court of appeals. * * * Creditors who believe that they are entitled to share in the distribution may file their claims with the receivers, and, whether the same be allowed or disallowed, they will have the same opportunity as all the other creditors to overhaul the receivers' account, to present their own claims before the master, and to object to the allowance of any other claims, as they may be advised."

In these observations we fully concur. The present appeal, however, is premature. The question of the right of the appellants to participate in the distribution of the property in course of administration by the circuit court is not yet finally determined. They can preserve their rights as to all the questions they desire to raise by presenting them by petition to the court, and, if these questions are erroneously decided, they can appeal from any decree making dis-

position of the assets which is final so far as it affects them, and upon such appeal review all interlocutory orders affecting their substantial rights. The order refusing their petition to be made formal parties to the cause, and denying the other relief asked for, is not a final decision within the meaning of the statute authorizing appeals to this court. The motion to dismiss the appeal is therefore granted.