YOUTSEY v. HOFFMAN et al.

BAILEY v. CINCINNATI LEAF TOBACCO WAREHOUSE CO.

(Circuit Court, D. Kentucky.  March 25, 1901.)

1. RECEIVERS—EFFECT OF APPOINTMENT—RIGHT TO FILE PLEADING.
   A receiver does not, by virtue of his appointment, become a party to the litigation, so as to entitle him to file a pleading therein of which other parties are required to take notice.

2. REMOVAL OF CAUSES—TIME FOR MAKING APPLICATION.
   In a suit in a state court to wind up the affairs of a corporation, pending a reference to a commissioner to take proofs and report upon the claims against the corporation, the receiver, by leave of court, filed what he called an "answer and set-off," in which he admitted the correctness and validity of the claims which two persons had proved before the commissioner, but pleaded as a set-off a claim for damages against them arising out of their alleged misconduct as officers of the corporation. Such claim was not one which the state statute authorized to be pleaded as a set-off or counterclaim, no order was entered making the receiver a party to the suit, and no process was issued upon his pleading. Without any appearance by the persons against whom such claim was made, a joint judgment was rendered against them thereon for a large sum. Subsequently they appeared specially and moved to set the judgment aside, and pending such motion one of them pleaded to the merits as to the claim made against him by the receiver's pleading, and at the same time filed a petition and bond for removal, being a citizen of another state. After removal, the receiver moved to remand. *Held*, that the receiver was not a party to the suit, nor entitled to file any pleading therein; that the pleading filed by him was in legal effect a petition instituting a new action, in which the court could acquire jurisdiction of the defendants only by due service of process; and that, treating the action of one of them in pleading to such petition as an appearance which conferred such jurisdiction over him, his application for removal made at the same time was timely.

3. SAME—SEPARATE CONTROVERSY.
   The liability of officers of a corporation for damages alleged to have been sustained by the corporation by reason of their misconduct, where no conspiracy is alleged, is several, and an action against two such officers to recover damages on that ground is separable as to each defendant.

On Motion to Remand to State Court.

C. J. & W. W. Helm (Paxton Warrington and A. J. Marsh, of counsel), for receiver.

Lawrence Maxwell, Jr., Wright & Anderson, and S. J. Crawford, for defendant Hoffman.

EVANS, District Judge.  On July 2, 1900, S. C. Bailey, a citizen of Kentucky, brought an equitable action in the Campbell circuit court against the Cincinnati Leaf Tobacco Warehouse Company, a Kentucky corporation, as sole defendant, in which the plaintiff sought to have the affairs of the corporation wound up, and its assets distributed among the persons entitled thereto.  Soon afterwards James C. Ernst was appointed the court's receiver in the action, and subsequently the case was referred to the master commissioner, who was directed to take proof and ascertain and report the claims against the defendant.  Under this reference, H. H. Hoffman and Henry Feltman, among others, proved before the master their claims against

the corporation. Objection was made to this proof, and the commissioner so reported. This being the situation, and before the commissioner finally reported on those claims, Ernst, on August 17, 1900, was discharged as receiver, and J. J. Youtsey was appointed in his stead. On October 6, 1900, Youtsey, as receiver, as the order of that date shows, "moved for leave to file an answer and set-off, and he was given leave to do so," but it did not otherwise specify the purpose in view. There was no notice given of this motion of this outside person, nor was any order entered making the receiver a party to the action. On the 10th of October, but without any actual notice of his application to do so, unless the very brief publication in the court's bulletin can be called such, he accordingly filed his answer and set-off. It had reference alone to the claims which H. H. Hoffman and Henry Feltman had proved before the master, the validity and justice of all of which he therein expressly admitted, thus avoiding all litigation as to them so far as he was concerned; but he insisted that the defendant corporation had a large demand against them, which he then proceeded to plead as a set-off. This demand was based entirely upon the charge that Hoffman and Feltman were, respectively, the president and treasurer of the corporation (each being also a director), and that, being so, they had violated their respective duties and obligations as such, by reason of which the company had been greatly injured and damaged, by paying dividends which were not earned, and under cover of which they sold their holdings of the company's stock. Youtsey, the receiver and officer of the court, had never theretofore in any wise been made a party to the action. As stated, he admitted the justice of the claims filed by Hoffman, and sued him upon a different one, and in respect to which Hoffman had never appeared in court. No summons or other process was issued upon the pleading thus filed in the case by the receiver; nor was any appearance thereto entered, though its pendency and the proposed prospective steps to be taken thereon were noted in a vague way upon the official bulletin of the court, published under its general rules. Assuming that it had in this way acquired jurisdiction of the persons both of Hoffman and of Feltman, the court rendered judgment against them jointly for nearly $90,000 on October 27, 1900. Early in November, 1900, Hoffman and Feltman appeared specially, and only for that purpose, and, upon grounds stated in writing, moved the court to vacate and set aside the judgment thus rendered against them; and these motions were set for hearing at a future date. On the 9th of December the receiver filed his written objections to the pending motions of Hoffman and Feltman, unless, as he therein expressed it, they would file pleadings to the merits and waive all technical objections. Thus matters stood for more than 20 days, and until in January, 1901, when Hoffman did plead to the merits, and, at the time of doing so, he being a citizen of Ohio, also filed his petition and bond for a removal of the action to this court. Upon the filing of the record here, Youtsey, the receiver, moved to remand the case to the state court, and thus raised the interesting and difficult questions which have been very ably argued, and which are now to be determined.

Under the practice in Kentucky, it would have been admissible for the corporation or any of its creditors, or for any party to the suit, when Hoffman and Feltman attempted, pro interesse suo, to prove and establish their claims before the master, and thereby, quoad those claims, became parties to the suit, to contest the same either before the commissioner, or upon exceptions to his report after it was made. The parties in interest were perfectly competent to do this, and had the undoubted right to do it. It may be possible, also, that in this way those parties might have disclosed to the court the claims of the corporation against Hoffman and Feltman as demands which ought to be insisted upon and litigated. The court would doubtless then, especially if the justice of their claims was admitted, have directed the withholding from distribution of their shares of the assets until the counter demands against them had been settled or adjudicated. Then the work of the officer of the court—the receiver—could have begun with a suit or suits at law against Hoffman and Feltman. The receiver, as the officer of the court in a case, is not in any sense a party to the litigation in which he is appointed, but he has power, under section 302 of the Civil Code of Practice, and under the control of the court, "to bring and defend actions." The latter part of this phrase must, of necessity, however, mean that he may defend actions to which he is a party, inasmuch as it may be regarded as axiomatic that no one not a party to an action can plead therein. True, under the practice of the courts, persons may be made parties to a suit either by a pleading, or, in a qualified way, by intervention pro interesse suo, under a reference to a master; or, upon an application by one who shows the propriety of it, the court may, by an order, cause him to be made a party. But neither of these courses was pursued by the receiver in this instance; nor did he ever become a party, unless, ipso facto the filing of his so-called answer and set-off, he became such without further order of the court. The receiver did not apply for leave to intervene before the master, nor did he bring a separate action. He elected, after the possibly intrusive order of October 6, 1900, to proceed otherwise; and, by a movement which seems to be more ingenious than correct, he has sought not to do either of those things, but, while avoiding both, to come nearer to a plenary proceeding than would have been the case had he obtained permission to contest before the master. Whether, if the corporation, or any of its stockholders or creditors who might have proved claims against the corporation, had excepted to his demands, Hoffman could have removed the case, even if the settlement of those demands had involved a determination of a claim pleaded by any of his opponents similar to the one now irregularly presented by the receiver in the form of a set-off, may admit of much doubt, as he had, as to his demands, probably submitted himself to the jurisdiction of the state court in the proceeding then pending, and, by proving and filing his claims before the commissioner of that court, had become, as to them, at least, a quasi party to that suit; but, as the receiver in the case—the mere officer of the court—was not then a party to the suit, it is clear that the permission given to him to file an answer and set-off in a suit to which he was not previously made a party was

altogether unauthorized and irregular. His pleading, under the circumstances, even when coupled with the leave of the court, must therefore be regarded as the beginning of a new action, and its irregular injection into the one already pending cannot give it a higher value or better position than an independent action would have done in determining the question now before us. And this must be the result, although there is a misnomer of his pleading. There does not, indeed, appear to be anything in the Civil Code of Practice of Kentucky which makes or expressly authorizes the making of the court's receiver a party to the cause as a litigant therein, and certainly there is no authority in the Code for permitting the receiver, merely as such, and without in fact being made a party defendant, to file a counterclaim or set-off, of which other parties to the cause are required to take notice without a regular service of process thereon. He may, of course, as already shown, sue in his own name, in bringing any plenary action of his own, but no one except an actual party defendant can file a set-off.

But, however all this may be, nothing in the record could justify the rendition of the judgment of October 27, 1900. As the claims filed by Hoffman were admitted to be just, thus closing the receiver's case as to them, and as there were new and distinct claims stated and set up in the so-called answer and set-off of the receiver, which had no connection with Hoffman's claims, due process of law manifestly required that actual notice, in the way of the service of a summons, should be given to Hoffman, in order to bring him before the court upon that pleading. The necessity for this is especially emphasized by the fact that, under the Civil Code of Practice (subsections 1, 2, § 96), the matter thus pleaded was neither a counterclaim nor a set-off, and could not be made a set-off by erroneously so misnaming it in the pleading. The new matter might possibly have been embraced in a cross petition if the receiver had been, or if he became, a defendant to the suit (subsection 3, § 96), but that would have required the issual and service of a summons (sections 97, 39). Under these conditions, and notwithstanding the very abbreviated notices published in the bulletin, the court must hold that the judgment of October 27, 1900, was coram non judice, so far, at least, as it may stand in the way of Hoffman's right to remove the action. Hoffman not having been then before the court at all, so far as the new matters stated in the answer and set-off were concerned, and having appeared specially only when he subsequently moved to vacate and set aside that judgment, and not having entered a general appearance in the cause, with respect, at least, to the pleading of the receiver, the time for answering that pleading had never arrived, and did not arrive previous to the voluntary filing at the same time of Hoffman's pleading to the merits, and his petition for the removal of the cause. In other words, the receiver, merely as such, was never a party to the suit, unless the filing of the answer and so-called set-off made him a defendant without an express order of the court to that effect, which I doubt; and certainly the receiver, as such, was not entitled ex officio to plead therein any set-off against Hoffman, who was, at most, only a quasi party to certain

other issues in the suit. Section 96 of the Civil Code of Practice is as follows:

"Sec. 96. (1) A counter-claim is a cause of action in favor of a defendant against a plaintiff or against him and another, which arises out of the contract, or transaction, stated in the petition as the foundation of the plaintiff's claim, or which is connected with the subject of the action. (2) A set-off is a cause of action arising upon a contract, judgment, or award, in favor of a defendant against a plaintiff, or against him and another; and it cannot be pleaded except in an action upon a contract, judgment or award. (3) A cross-petition is the commencement of an action by a defendant against a co-defendant, or a person who is not a party to the action, or against both; or, by a plaintiff against a co-plaintiff, or a person who is not a party to the action, or against both; and is not allowed to a defendant, except upon a cause of action which affects, or is affected by the original cause of action; nor to a plaintiff, except upon a cause of action which affects, or is affected by, a set-off or counter-claim."

The receiver's pleading, as filed, did not conform to these provisions, and his calling it a "set-off" did not and could not make it such, nor oblige anybody to so treat it; and Hoffman, particularly, was not so bound, as he was in no sense a plaintiff to the action. The receiver therefore had no right to a judgment at all, and manifestly none without the service of a summons. The attempt by the receiver, while admitting the justice of Hoffman's claims, in respect to which alone he had become a quasi party to the equity suit, to make Hoffman's assertion of those claims before the commissioner the jurisdictional basis of an attempt to bring in that suit what is, in substance and effect, a new and independent action at law by the receiver against Hoffman upon a cause of action supposed to have accrued to the corporation defendant, is certainly most irregular; and the mere effort thus to superimpose a new suit upon an old one under the guise, or, rather, the disguise, of a pleading entitled in the old action, and misnamed an "answer," instead of a "petition," should not succeed so as to defeat the right of removal. But an irregularity in merely modal matters, however gross it may be, can be waived, though the waiver of such irregularity in form does not and cannot change the substance and essential characteristics of the proceeding in this case, nor make it in reality anything except a new suit upon a different cause of action between the receiver, on the one side, and Hoffman, on the other. Such a waiver applies merely to the form of proceeding, and not to the substance of it; and even this irregularity of mode was not waived by Hoffman until he filed his response to the receiver's pleading, at which time he also filed his petition for the removal of the cause to this court. If I am right in these views, Hoffman's waiver only extended to the objection that the new suit should have been separate from the old one, instead of being unwarrantably and irregularly entitled in it, and also to the objection that the new suit should have been by a petition, rather than in the form of an answer.

Hoffman appears, therefore, to have been in time in his application for a removal, and he was certainly so if we are authorized to treat the proceeding of the receiver as one which should be regarded as a suit which is separate and distinct from the original action, so

far as the right of removal is concerned. It is manifest that the original action cannot be removed by Hoffman, but can his right to a removal of the action now instituted against him by the receiver be defeated by the course—the utterly irregular course—of proceedings adopted by the receiver in this instance? If the receiver had exercised his authority under the Code to bring a separate action upon the demand now claimed as an offset, and set up as such in his pleading, manifestly the right of Hoffman to remove would have existed. Can this right be defeated by the unwarrantable grafting of a new suit upon an old one under the guise of a pleading called unwarrantably an "answer and set-off," instead of a petition? It seems to me so clearly unjust to say so that I shall not say it, but will hold that not only was the petition for a removal filed in time, but that the right of Hoffman to remove cannot be defeated by the unauthorized and irregular proceeding adopted in this case. To hold otherwise would accord to a misconceived remedy and a misnamed pleading much greater efficacy in defeating a removal than could be given to those that were altogether proper, and which, being so, would have required that service of a summons which was avoided by the plan pursued. In my judgment, the receiver had the right and authority to bring an action at law against Hoffman upon a cause of action which he supposed to exist, growing out of the facts mistakenly pleaded as a set-off, and in that way to have sought the judgment of a court upon a legal demand which he conceived to be one of the assets of the corporation; but the failure of the receiver to do this, and his adoption and pursuit of the other course, should not, in my opinion, defeat Hoffman's right to remove. Indeed, as previously stated, I think that for the purposes of this motion the proceeding of the receiver should be treated as a new and separate action, and as one entirely disassociated from the old one, especially as the Civil Code of Practice prohibits the pleading of his demand as a set-off.

We have not overlooked Judge Barr's opinion in the case of Fidelity Trust & Safety-Vault Co. v. Newport News & M. V. Co. (C. C.) 70 Fed. 403; but it seems to have no special bearing upon the questions now to be determined, though much pressed upon the attention of the court at the argument. In that case there had been an attempt to serve a summons upon the defendant. In order to test the validity of that service, the defendant entered its special appearance in the state court, and under cover thereof filed a plea in abatement, insisting that the service was not valid. To this plea a demurrer was filed, and at the hearing the state court sustained the demurrer. While Judge Barr's opinion does not so state in terms, we may assume that this determination of the state court proceeded upon the idea that the service upon the defendant was sufficient in law, and that the defendant was, by virtue thereof, actually before the court when it attempted to enter only a special appearance. In Judge Barr's opinion much more than the time for answering fixed by the state law and the rule of the state court had been consumed in the proceedings in the case, and for that reason he held that the petition for a removal came too late. This statement of that case will show how entirely it differs from this, where there was the very reverse of an attempt to

serve a summons, or to question the validity of one that had been made.

This leaves only the question whether there is a separable controversy disclosed in the so-called answer and set-off pleaded against H. H. Hoffman and Henry Feltman, and which must be regarded as the initial pleading in this particular litigation, and which should always be so considered. A careful examination of that pleading, and treating it, in substance and effect, as a petition, instead of an answer, leaves no doubt in my mind that the causes of action therein stated against Hoffman, a citizen of Ohio, one officer, and Feltman, a citizen of Kentucky, another officer, are entirely separate, and in no sense joint. The obligations of each officer, if any, which may arise upon the averments of the pleading, are several and separate, particularly as no conspiracy is charged. The duties of each to their employer, the corporation, were separate and distinct. Their liabilities are therefore equally separate and several, and the proper judgment upon that pleading must necessarily be against each of them separately. And it may be added that neither one of them is a necessary, proper party to an action upon the obligation of the other.

The petition for a removal having been filed in time in the state court, and the cause of action against Hoffman alleged by the receiver being clearly separable from that alleged against Feltman, the court, after some hesitation, has reached the opinion that the motion to remand this action to the state court should be, and it is, overruled.