HARRY BERGER, Suing Individually and on Behalf of Himself and All Other Stockholders of Defendant Corporation, Respondent, *v.* FORTY-EIGHTH AND FIFTY-SIXTH STREETS REALTY CORPORATION and Others, Appellants, Impleaded with NATHAN SHAPANKA, Defendant.

First Department, June 24, 1931.

*Julius Zizmor* (one of the appellants), of counsel, for the appellants.

*Samuel Shapiro* of counsel [*Maslon & Shapiro*, attorneys], for the respondent.

McAvoy, J. The amended complaint states sufficiently a ground of action in its first cause to the effect that the corporate defendant has a capital of $5,000 divided into fifty shares of $100 each; that the individual defendants constitute the entire board of directors; that the plaintiff is the owner of twenty-five shares, constituting one-half of the entire issue of stock, which were transferred to him by mesne transfers from defendant Shapanka; that the said stock was presented for transfer to the officers of the corporation and transfer thereof was refused. Plaintiff demands that he be adjudged the owner of the stock held by him and that said stock be entered on the books as such.

The second cause of action alleges that the defendants have violated their trusts as directors, by loaning corporate money to themselves and to persons who are irresponsible and have given no security; that the defendants have collected rents belonging to the corporation and appropriated same to their own use, and squandered the corporate property as alleged; that the corporate defendant, although demand has been made, has refused to bring the action, which plaintiff brings in his representative capacity.

The third cause of action alleges that the defendants have appropriated to their own use large sums of money belonging to the corporation, and have misapplied its rents; that fictitious claims have been presented to the corporation by the defendants, and that they have fraudulently made payments thereof to their own use.

The relief demanded, besides the foregoing demand with respect to the registered stock, is that the defendants be removed as directors and directed to account to the corporation for such moneys and properties as may be its due.

We think that the causes of action in the complaint as alleged seek to compel registration on the corporate books of plaintiff's ownership and demand an accounting for the misconduct of the directors. An independent action to compel registration of the stock need not be made before commencement of the supplementary action for an accounting.

The motion to dismiss is in the nature of a demurrer, and admits that plaintiff is entitled to be a stockholder and is the owner of the stock which he requires to be registered and that he would have such right but for the acts of the defendants in refusing to recognize the lawful transfer of the stock to him.

We see no reason of policy or otherwise which would require plaintiff to first resort to an action in equity for the transfer of the stock before bringing an action to enforce the rights of the corporation. The relief may be granted concurrently.

The motion to dismiss the complaint was, therefore, properly denied.

We think that branch of the motion which seeks to strike out portions of the complaint, known as paragraphs 12 and 13, and paragraphs 17 and 18, should be denied, except in so far as it generalizes the derelictions of the defendants at the conclusion of paragraph 13, reading: " and have in many other ways neglected their duties undertaken by them as directors and officers of said corporate defendant; " and that clause of paragraph 17 which reads: " and have in many other ways improperly withdrawn moneys from the corporate defendant and have in many other ways appropriated to their own use large sums of moneys and other assets through mediums unknown to plaintiff," which should be stricken from the complaint, and the order as so modified in those respects should be affirmed, without costs.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Order modified as directed in opinion and as so modified affirmed, without costs. Settle order on notice.