HENRY B. ABRAHAMS and Others, for Themselves and All Other Stockholders of BACHMANN, EMMERICH & Co., INC., Similarly Situated, Appellants, *v.* ISAAC D. BACHMANN and Others, Respondents, Impleaded with LOUIS BACHMANN and Others, Defendants. (Appeal No. 1.)

HENRY B. ABRAHAMS and Others, for Themselves and All Other Stockholders of BACHMANN, EMMERICH & Co., INC., Similarly Situated, Appellants, *v.* ISAAC D. BACHMANN and Others, Defendants, Impleaded with LOUIS BACHMANN and Another, Respondents. (Appeal No. 2.)

HENRY B. ABRAHAMS and Others, for Themselves and All Other Stockholders of BACHMANN, EMMERICH & Co., INC., Similarly Situated, Appellants, *v.* ISAAC D. BACHMANN and Others, Defendants, Impleaded with BACHMANN, EMMERICH & Co., INC., Respondent. (Appeal No. 3.)

First Department, May 12, 1933.

*Harry T. Zucker* of counsel [*Sydney J. Schwartz* with him on the brief; *Hollander & Bernheimer*, attorneys], for the appellants.

*I. Russell Stein* of counsel [*Bondy & Schloss*, attorneys], for the respondents Isaac D. Bachmann and others.

*Milton P. Kupfer* of counsel [*Raphael L. Elias* with him on the brief; *Oppenheimer, Haiblum & Kupfer*, attorneys], for the respondents Louis Bachmann and David Haas.

*David Katz* of counsel [*Proskauer, Rose & Paskus*, attorneys] for the respondent Bachmann, Emmerich & Co., Inc.

SHERMAN, J.   Plaintiffs appeal from three orders granting motions of the respective defendants to dismiss the complaint for misjoinder of causes of action.

The complaint alleges that plaintiffs are stockholders of Bachmann, Emmerich & Co., Inc. (the corporate defendant); that this action is brought in their own behalf and for the benefit of all other stockholders similarly situated and in behalf of defendant corporation; that the individual defendants were formerly officers and directors of the corporate defendant; that about October 9, 1931, the stock of the corporate defendant was reclassified, each of the plaintiffs consenting thereto and exchanging his stockholdings, and in connection therewith they executed and delivered general releases to the individual defendants and their several consents to the delivery of a general release to such individual defendants by the corporate defendant.

It is next alleged that to secure such releases and consents to the exchange and reclassification of the stock and delivery of the corporate general release, the individual defendants represented that the net assets of the defendant corporation had been reduced through business losses from about $4,000,000 on or about December 1, 1930, to something over $1,000,000; that thereafter plaintiffs were informed that said net assets had been further reduced to $640,000; that the individual defendants proposed, as consideration for the releases and consents, that " new investors " would purchase from the corporation 3,750 shares of second preferred stock, as reclassified, all of which actually was subscribed for and paid for by defendant Louis Bachmann; that it was further represented to plaintiffs that with these new moneys amounting to $375,000 the

corporation would have net liquid assets in excess of $1,000,000, which amount was necessary to the corporation in order to do business profitably.

It is next alleged that in fact the liquid assets were not $640,000 at the time of the reclassification but were about $50,000 and that the representations with respect to the value of the corporate defendant's assets were known to the individual defendants to be false; that after the payment of the $375,000 the net liquid assets amounted to only $427,804, which sum was insufficient to do business successfully; that the said alleged losses which reduced the net assets from $4,000,000 to $1,000,000 were not ordinary business losses as represented, but were caused through fraud, malfeasance and derelictions of the individual defendants; and that in giving the consents and in delivering the releases plaintiffs relied on said representations and had no means of ascertaining the truth or falsity thereof.

Then follow allegations setting forth several specific acts of malfeasance on the part of the individual defendants, including the payment of dividends out of capital and misappropriation of moneys by said defendants and their friends and family connections, for which an accounting is sought.

The complaint contains a demand that the directors institute suit and asserts futility of such demand and alleges the failure of the present directors to take any action against the individual defendants. It asks the rescission and cancellation of the individual general releases, the rescission and cancellation of the consents by plaintiffs to the delivery of the corporate release and the rescission and cancellation of such corporate release, as well as an accounting for the acts of malfeasance of the individual defendants.

The motion below was granted on the authority of *Brock* v. *Poor* (216 N. Y. 387). In that case the plaintiff sought to maintain an individual action in his own right against defendants for alleged misappropriation of corporate property and to compel an account to him personally for such property. It was held that redress must be had in an action brought by the corporation to whom the property belonged or by a stockholder derivatively in its behalf, instead of by plaintiff in his individual and independent right. Here, however, plaintiffs seek to set aside the corporate general release and their consents thereto as a condition preceding the bringing of the accounting action for the benefit of the corporation.

Respondents contend that the first cause of action (to rescind and cancel the individual releases) is individual, and that as the second cause of action (for an accounting) is a derivative cause of action, the two cannot be joined in one complaint. The separate causes of action herein are not numbered. The incidental relief

sought herein, canceling and rescinding the individual general releases, is closely connected with and preliminary to the derivative phase of the action which seeks a cancellation of the consents to the corporate release and the cancellation and rescission of such corporate release, and an accounting. The same facts and the same transactions are involved in the execution and delivery of the corporate release, and the relief in the former is a necessary condition precedent to the main relief in the derivative cause of action for an accounting.

In *Haines* v. *Ogren* (231 App. Div. 806) we sustained a similar complaint. There the first cause of action was an individual one in which plaintiff set forth that she was bringing that action so as to be restored to ownership of her stock in the S. S. Nohab, Inc, in order to maintain a derivative action for herself as a stockholder and on behalf of others similarly situated; and the second cause of action set forth the derivative cause of action for an accounting and payment to the corporation of moneys therein alleged to have been misappropriated. The defendants there moved to sever the causes of action on the ground that the two causes of action were improperly united, and Justice TOWNLEY, at Special Term, denied the motion with the following memorandum: " Upon the foregoing papers this motion to sever actions denied. *Brock* v. *Poor* (216 N. Y. 387) is not applicable to the facts in this case. Plaintiff is clearly entitled to incorporate in one complaint a cause of action to recover stock and establish her status as stockholder, and one as such stockholder to recover in the right of the corporation property belonging to it." Upon appeal, the Special Term order was here affirmed.

The joinder here is proper. The derivative cause of action stands or falls upon the outcome of the first cause of action, and they are properly united within the scope of subdivisions 8 and 9 of section 258 of the Civil Practice Act. If these causes of action had been set forth in separate complaints, they would be consolidated under section 96 of the Civil Practice Act.

The orders appealed from should be reversed, with twenty dollars costs and disbursements, and each motion denied, with ten dollars costs.

FINCH, P. J., MERRELL, McAVOY and MARTIN JJ., concur.

Orders reversed, with twenty dollars costs and disbursements, and each motion denied, with ten dollars costs.