**ALEXANDER et al. v. HILLMAN et al.**
(two cases).*
Nos. 3736, 3737.

Circuit Court of Appeals, Fourth Circuit.
Jan. 22, 1935.

*Writ of certiorari granted 55 S. Ct. 826, 79 L. Ed. —.

E. C. Higbee, of Uniontown, Pa., and Arthur S. Dayton, of Charleston, W. Va. (Edwin W. Smith and Wm. M. Robinson, both of Pittsburgh, Pa., on the brief), for appellants.

E. W. Knight, of Charleston, W. Va. (George E. Alter and Alexander J. Barron, both of Pittsburgh, Pa., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

These are appeals from two decrees entered in the District Court of the United States for the Southern District of West Virginia, one of which was entered in a suit in equity, wherein Piedmont Coal Company and others are plaintiffs and Tower Hill Connellsville Coke Company of West Virginia is defendant, and permitted the filing of an ancillary bill. The other was entered in the ancillary proceeding so commenced, in which the receivers of Tower Hill Company, the appellants, are plaintiffs and the appellees are defendants. The original suit has been twice before this court (33 F.(2d) 703; 64 F.(2d) 817, 91 A. L. R. 648), in each of which certiorari was denied (280 U. S. 607, 50 S. Ct. 157, 74 L. Ed. 650; 290 U. S. 675, 54 S. Ct. 93, 78 L. Ed. 582).

Upon the last appeal in the original cause, this court affirmed the decree of the District Court, entered August 25, 1932, which directed that the business and affairs of Tower Hill be terminated and wound up, its property and assets sold and converted into money and distribution thereof made to its creditors and stockholders according to their respective rights and priorities. For that purpose the District Court had appointed A. S. Alexander, H. D. Rummel, and George S. Baton receivers of all the property and assets of Tower Hill of whatsoever character and wheresoever situate, with power to procure the appointment of ancillary receivers whenever and wherever in their judgment such ancillary receivers should be necessary to effectuate any of the provisions of the decree and to institute and prosecute, either in their own names or through such ancillary receivers, all suits and proceedings necessary to recover possession of all the property and assets of the corporation.

On December 12, 1933, the District Court entered an order in the cause referring same to J. E. Campbell as special master, to take, state, and report to the court an account, showing all the debts, obligations, and claims against Tower Hill, with the nature, amount, and respective priorities thereof, the owners of the preferred and common stock of Tower Hill, and such other matters as any party in interest might require. On January 30, 1934, at a hearing duly held by the special master in Charleston, W. Va., pursuant to the order of reference, J. H. Hillman, Jr., A. B. Sheets, and Thomas Watson, all of whom are citizens of the commonwealth of Pennsylvania residing in the Western District thereof, and Hillman Coal & Coke Company and Hecla Coal & Coke Company, each of which is a corporation of the commonwealth of Pennsylvania having its principal place of business in the Western District thereof, filed certain proofs of claim as creditors and stockholders of Tower Hill, and testimony was taken with regard thereto. The claim of Hecla is that it is a holder of preferred and common stock of Tower Hill, and the claims of the other claimants are for alleged debts said to be owing by

Tower Hill. Each of the claims remains pending and undetermined before the special master.

On February 19, 1934, the receivers asked leave of the District Court to file an ancillary bill of complaint against the claimants above named who had filed claims with the special master. The ancillary bill tendered for filing at that time alleged that claimants Hillman, Sheets, and Watson, as directors of Tower Hill, had mismanaged the affairs of that corporation and had misapplied its assets in the payment of improper salaries and in the transfer of assets for the benefit of other corporations in which they were interested; that, as a result of their mismanagement, Hecla had received valuable property through an exchange with the Redstone Coal & Coke Company, to which Tower Hill was a party, and in the course of which Tower Hill had parted with property of great value and received property of insignificant value in return; and that the claim of the Hillman Company was based upon an arrangement between that company and Tower Hill growing out of the mismanagement of the latter by Hillman, Sheets, and Watson, and that the Hillman Company was liable to the receivers for moneys which it had received pursuant to this arrangement. Most of the causes of action asserted in the ancillary bill appear not to have grown out of the transactions which were the basis of the claims filed with the receivers, but to constitute independent claims in behalf of the receivers against the claimants. The court ordered the ancillary bill filed, with leave to the defendants therein named, however, to move to dismiss, answer, or make such other defense thereto as might be proper.

On March 19, 1934, a motion to vacate the order of court entered February 19, 1934, and to quash the service of that order and the ancillary bill of complaint was filed by the defendants named in the ancillary bill, each appearing specially for the purpose of making the motion and without submitting to the jurisdiction of the court, but solely for the purpose of questioning that jurisdiction. The reasons assigned in the motion were that, at the time of the entry of the order, the filing of the bill, and the alleged service thereof upon each of the defendants, no one of the defendants was or had since been a citizen, resident, or inhabitant of, or had been doing business within, the Southern District of West Virginia, but that each of said defendants was a citizen,

resident, and inhabitant of the city of Pittsburgh, in the Western District of Pennsylvania, and that no legal service had been had upon any of them. Each of the defendants filed also a motion to quash the service of the ancillary bill and to dismiss it for want of jurisdiction, on the same grounds as those alleged in the motion filed in this cause. The court sustained the motion and dismissed the ancillary bill, finding that none of the defendants therein named was an inhabitant of the Southern District of West Virginia, but that each of them was at the time of the filing of the bill, and had since been, a resident of the commonwealth of Pennsylvania. The receivers have appealed in both the original and the ancillary proceedings, but both appeals present the same question, viz., the correctness of the order dismissing the ancillary bill.

We think that the learned judge below was correct in holding that the court had not acquired jurisdiction to award any affirmative relief against the defendants named in the ancillary bill on the causes of action therein asserted against them which constituted counterclaims to the claims filed with the receivers, and not mere defenses to those claims. The question involved is not one as to the jurisdiction of the court over the causes of action asserted in the ancillary bill, for it is well settled that the courts of the United States have jurisdiction to entertain, either in equity or at law as may be appropriate, ancillary proceedings in aid of a receivership suit pending in a federal court, even though other elements of federal jurisdiction, such as diversity of citizenship or the jurisdictional amount, may be lacking. White v. Ewing, 159 U. S. 36, 15 S. Ct. 1018, 40 L. Ed. 67; Pope v. L., N. & A. C. R. Co., 173 U. S. 573, 19 S. Ct. 500, 43 L. Ed. 814; Kirkland v. Knox (C. C. A.) 230 F. 806; Carey v. McMillan (C. C. A. 8th) 289 F. 380; Hart v. Wiltsee (C. C. A.) 19 F.(2d) 903; Hume v. City of New York (C. C. A.) 255 F. 488; Peck v. Elliott (C. C. A.) 79 F. 10, 38 L. R. A. 616. The question is whether the court acquired such jurisdiction over the persons who filed claims with the receivers as would authorize the granting of relief against them on counterclaims on which affirmative personal relief was asked and which were not mere defenses to the claims filed; and we think it clear that this question must be answered in the negative.

The position of appellants is that these persons made themselves parties to the

original cause by filing claims before the special master, and that no further service of process upon them or consent to jurisdiction on their part was necessary to give the court jurisdiction to award relief against them on the ancillary bill. The answer to this, however, is that under the federal practice a person does not, by filing a claim with a receiver, make himself a party to the original cause. Elkins v. First Nat. Bank of City of New York (C. C. A. 4th) 43 F.(2d) 777; Acme White Lead & Color Works v. Republic Motor Truck Co. (D. C.) 285 F. 88; Jones & Laughlins v. Sands (C. C. A. 2d) 79 F. 913; Youtsey v. Hoffman (C. C.) 108 F. 693; Sands v. E. S. Greeley & Co. (C. C.) 80 F. 195; Clark on Receivers, vol. 1, p. 717. And where an ancillary bill, as does the bill here, brings in new parties to the original suit and charges new matter as a basis of relief, the proceeding as against such new parties is an original, not an ancillary, proceeding, and they must be properly served with process to give the court jurisdiction. Dunn v. Clarke, 8 Pet. 1, 8 L. Ed. 845; Smith v. Woolfolk, 115 U. S. 143, 148, 5 S. Ct. 1177, 29 L. Ed. 357; G. & C. Merriam Co. v. Saalfield, 241 U. S. 22, 36 S. Ct. 477, 60 L. Ed. 868; Manning v. Berdan (C. C.) 132 F. 382; Bowen v. Christian (C. C.) 16 F. 729; Hart v. Wiltsee, supra.

A case very much in point is Whelan v. Enterprise Transp. Co. (C. C.) 164 F. 95, 98, a decision by Circuit Judge Lowell. That case involved a petition which was filed by a receiver of an insolvent corporation and was treated by consent as a plenary suit in equity ancillary to the principal receivership suit. Recovery was asked against one Paige for moneys collected by him which were alleged to be the property of the corporation. Paige had filed a claim with the receiver. The court held that, although the federal court would have jurisdiction of an action against Paige as being ancillary to the main suit, the remedy at law was adequate and suit in equity could not be maintained. The court considered whether the fact that he had filed a claim with the receiver did not bring him within the jurisdiction of the court for the purpose of the collection of the receiver's claim against him, saying: "The court has next to consider if the fact that Paige filed a claim against the estate in the hands of a receiver appointed by a court of equity brings him within the jurisdiction of that court of equity for the purpose of the collection of the receiver's claim against him. That Paige cannot obtain as matter of

right a jury trial concerning his claim against the estate may be admitted, but from this it does not follow that he waives his right to a jury trial in case of a claim brought by the receiver against him, where that claim is made, not by way of set-off, but for the purpose of taking money out of Paige's pocket. Upon the whole, I think that Paige is right in this contention also."

The decision of Judge Evans in Youtsey v. Hoffman (C. C.) 108 F. 693, 695, is also very much in point. In that case Hoffman and Feltman had filed a claim in a receivership suit in a state court. The receiver filed what he termed an "answer and set-off," asking recovery of damages against Hoffman and Feltman for mismanagement of the corporation while acting as its officers. The action thus instituted was removed into the federal court, and a motion to remand it to the state court was denied on the ground that it was a new and independent suit, separate and distinct from the receivership suit pending in the state court. Judge Evans said:

"As the receiver in the case—the mere officer of the court—was not then a party to the suit, it is clear that the permission given to him to file an answer and set-off in a suit to which he was not previously made a party was altogether unauthorized and irregular. His pleading, under the circumstances, even when coupled with the leave of the court, must therefore be regarded as the beginning of a new action, and its irregular injection into the one already pending cannot give it a higher value or better position than an independent action would have done in determining the question now before us. * * *

"As the claims filed by Hoffman were admitted to be just, thus closing the receiver's case as to them, and as there were new and distinct claims stated and set up in the so-called answer and set-off of the receiver, which had no connection with Hoffman's claims, due process of law manifestly required that actual notice, in the way of the service of a summons, should be given to Hoffman, in order to bring him before the court upon that pleading. * * * In other words, the receiver, merely as such, was never a party to the suit, unless the filing of the answer and so-called set-off made him a defendant without an express order of the court to that effect, which I doubt; and certainly the receiver, as such, was not entitled ex officio to plead therein any set-off against

Hoffman, who was, at most, only a quasi party to certain other issues in the suit."

It is argued that the court has jurisdiction of the parties to pass upon the matters set up in the ancillary bill, because it is said that a claimant, by filing claim with a receiver and invoking the jurisdiction of the court for the adjudication of that claim, consents that the court adjudicate any claim which the receiver may have against him. The case is said to be analogous to a suit in equity in which the complainant, by filing the suit against the defendant, impliedly consents to being sued by way of counterclaim in a court which would not otherwise have jurisdiction of the cause of action therein asserted. See Equity Rule 30 (28 USCA § 723); Texas Co. v. Borne Scrymser Co. (C. C. A. 4th) 68 F.(2d) 104; and General Electric Co. v. Marvel Rare Metals Co., 287 U. S. 430, 53 S. Ct. 202, 204, 77 L. Ed. 408, in the last of which the Supreme Court said: "The setting up of a counterclaim against one already in a court of his own choosing is very different, in respect to venue, from haling him into that court."

One filing a claim with a receiver, however, is in a very different position from one who has filed a bill in equity. He is not in a court of his own choosing, but in a court selected by others, which has taken into its possession the only property from which he can obtain payment of his claim. The complainant who files a bill in equity, and thus subjects himself to equitable counterclaims of the defendant, has had the option of going into either the state or federal courts and of suing in any district in which jurisdiction of the defendant can be obtained The claimant who files claim with a receiver, on the other hand, has had no option whatever. Unless he promptly files his claim with the court which has taken jurisdiction of the property, his right to share in the distribution of that property will be gone; and that court passes upon his claim, without regard to citizenship, the amount involved, or other jurisdictional requirements, merely because of the necessity arising out of the fact that it has taken possession of property. The claimant in such case files his claim in the receivership suit in order that he may obtain his equitable portion of the property in receivership upon its distribution by the court; and, as we said in a former opinion herein, he makes himself a party to the cause pro hac vice, i. e., merely for the purpose of having his claim allowed and of sharing in

the distribution of the property in which he claims an interest because of the receivership. He has an equitable interest in the property which is in the hands of the receiver; and his position, in so far as coming into the receivership suit for the assertion of his rights is concerned, is more nearly analogous to that of a person whose property has been attached, and who must appear and defend for the protection of his interest in the property, than to that of a complainant who has voluntarily gone into a court and filed a bill in equity. To permit the receiver to, assert in the receivership suit an independent cause of action at law or in equity against such claimant, or to recover on a counterclaim against him merely because he has filed his claim in the receivership suit, would be as unfair as to permit a plaintiff in an attachment suit to amend his complaint to allege a new and different cause of action against a defendant in attachment, or to permit a nonresident, who has appeared to defend a suit on one cause of action, to be subjected while in the jurisdiction to suit on another and independent cause of action. It is well settled that, in an attachment suit, it is not permissible to amend the pleadings to set up a new cause of action (6 C. J. 482), and that one who comes into the jurisdiction of a court for the protection of his interest in litigation there pending is immune from service of process in another suit. Page Co. v. Macdonald, 261 U. S. 446, 43 S. Ct. 416, 67 L. Ed. 737; Stewart v. Ramsay, 242 U. S. 128, 37 S. Ct. 44, 61 L. Ed. 192.

In so far as the matters set up in the ancillary bill constitute causes of action at law, there is an additional reason why they may not be asserted in the receivership suit. That suit is a proceeding in equity; and the claims filed by claimant and any counterclaims thereto would necessarily be heard in equity. The claimants, by filing their claims in a court of equity, waive their right of jury trial with respect to the claims filed, but they do not waive such right with respect to independent claims against them which the receivers may seek to assert by way of counterclaim. It is well settled that a counterclaim involving a cause of action at law cannot be asserted in a suit in equity, because of the right of the party against whom it is asserted to a jury trial under the Seventh Amendment to the Constitution. American Mills Co. v. American Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306; Sinclair Refining Co. v. Midland Oil Co. (C. C. A. 4th) 55 F.(2d) 42, 47.

■ For the reasons stated, we think that the court below was without such jurisdiction of the parties as would authorize it to adjudicate the counterclaims asserted in the ancillary bill or to grant any affirmative relief with respect thereto. It did have jurisdiction, however, to pass upon any defense, legal or equitable, which might be asserted against the claims filed with the receivers, and to stay action upon those claims until the counterclaims asserted in the ancillary bill could be adjudicated in a court of competent jurisdiction so that they could be set off against the claims, or the amounts payable thereunder, as might be proper. We think, therefore, that, instead of dismissing the ancillary bill, the court below should have retained it, treating it as a petition to stay action on the claims until the counterclaims therein asserted could be adjudicated in a court of competent jurisdiction, and as setting up defenses to the claims in the cases where the matters alleged could be considered as purely matters of defense as distinguished from counterclaims. The order appealed from will accordingly be modified and the cause will be remanded to the end that the court below may give consideration to the question of staying action on the claims pending the adjudication of the counterclaims in a court of competent jurisdiction, and that it may consider any matter set up in the bill which may appropriately be considered as matter of defense against the claims filed. The court should require, however, that new pleadings be filed in lieu of the ancillary bill, setting up as against each claim filed with the receivers any purely defensive matter which the receivers may desire to assert, together with any matter which would justify the court in staying action on the claims pending the adjudication of any counterclaim or counterclaims in a court of competent jurisdiction.

Modified.

SOPER, Circuit Judge.

I concur in the general conclusion of the court that a receiver in equity is entitled in certain contingencies to resist the payment of claims against the estate by the presentation of set-offs or counterclaims against the claimants. The opinion holds in effect that the equity court has jurisdiction (1) to pass upon a legal or equitable defense to a claim which grows out of the same transaction and is not in excess of the amount of the claim; (2) to stay action on a claim, if a meritorious set-off or counterclaim in law or equity, growing out of the same transaction, is alleged, and affirmative relief against the claimant is sought, until adjudication may be had in an independent suit brought by the receiver against the claimant; (3) to stay action on a claim, if a meritorious set-off or counterclaim in law or in equity, growing out of an independent transaction, is alleged, until adjudication may be had in an independent suit brought by the receiver against the claimant.

In my opinion, the jurisdiction of the court to consider a set-off or counterclaim filed by a receiver is even broader. It should be held that the equity court also has jurisdiction (1) to adjudicate fully any set-off or counterclaim in law or equity, growing out of the same transaction, and to grant affirmative relief to the receiver if the facts warrant such action; and (2) to adjudicate any set-off or counterclaim in equity, based on an independent transaction, and to grant affirmative relief to the receiver if the facts warrant such action.

It seems clear that the court has full power to adjudicate completely all set-offs or counterclaims growing out of the same transaction, and the efficient administration of justice requires it, if it can be done in accordance with the Federal Constitution. Power to pass upon the merits of a claim and to consider all defenses growing out of the same transaction to the amount of the claim is conceded. The limitation implied seems to be unwarranted, and no authority is cited to sustain it. Courts of equity in the administration of estates have long exercised jurisdiction to consider claims presented against the property in their charge, and this function obviously cannot be fully performed, unless all defenses to a claim growing out of the transaction on which the claim is based, whether in excess of the claim or not, may be considered. The right to adjudicate fully all defenses is inherent in the power to adjudicate the claim. The fact that the claimant is deprived of a jury trial presents no constitutional difficulty; for the proceeding is in equity, and the claimant may not demand a jury trial even though his claim is based upon a right of action at law; and, as to the set-offs or counterclaims presented by the receiver, the court of equity, having acquired jurisdiction, will retain it, in accordance with the well-established principle of equity jurisprudence, until the whole controversy has been disposed of, although rights of action are involved which ordinarily would be cognizable only in a

court of law. It may be noted in passing that the opinion of the court does not question the power of the chancellor to pass on the merits of a legal defense to a claim not in excess of the claim itself.

Furthermore, there seems to be no important reason why Equity Rule 30, promulgated November 4, 1912 (28 USCA § 723), should not be applied to the situation which arises when a receiver has a set-off or counterclaim in equity, growing out of an independent transaction, against a claimant. This rule provides in substance that the defendant in his answer to a suit in equity may, without cross-bill, set up any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim shall have the same effect as a cross suit, so as to enable the court to pronounce a final decree in the same suit on both the original and the counterclaim. By the passage of this rule, the Supreme Court, in order to make it possible to put an end to all controversies between the same parties in a single suit, changed the former practice which confined set-offs and counterclaims to those which arose out of the transaction that formed the basis of the original suit. Since the filing of a disputed claim against a receiver in an equity proceeding is in one aspect a separate suit, it falls within the scope of Equity Rule No. 30, and the receiver should have the same right to set-off or counterclaim as would have been accorded to the corporation before the receiver was appointed. The decisions relied on in the opinion of the court, Whelan v. Enterprise Trans. Co. (C. C.) 164 F. 95, and Youtsey v. Hoffman (C. C.) 108 F. 693, were rendered prior to the passage of the rule. It would be of great convenience if independent counterclaims at law might also be adjudicated in the same proceeding, but the Seventh Amendment stands in the way. American Mills Co. v. American Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306.

The suggestion that this form of procedure would be unfair to the claimant, because it would require him to meet a counterclaim in a jurisdiction not of his choice, should not prevail. A suitor is always compelled to bring a suit in the court which has jurisdiction over the defendant, and in many instances there is only one court available for the purpose. His choice of courts may be more restricted when his claim must be filed in a receivership proceeding, but the importance of winding up the affairs of an

insolvent corporation, under the supervision of a single court, is so great that this result cannot be avoided. Indeed, in cases of receivership, there is an added reason to that which led the Supreme Court to promulgate Equity Rule No. 30. When an estate is being wound up by a receiver under the supervision of a court of equity, there is more involved than the right of any claimant; and controversies between the receiver and the claimants should be adjudicated expeditiously, so that the estate may be speedily liquidated and all the creditors may receive their proportionate shares.