MURRAY S. LEVINE, as Trustee in Bankruptcy of GEORGE E. OWENS, Bankrupt, and on His Own Behalf and on Behalf of All Stockholders of ELBE REALTY CORPORATION, Respondent, v. MAX H. ELBE, JOHN H. LEGGETT and GEORGE E. OWENS, Individually and as Executors, etc., of BETTY E. OWENS, Deceased, and Others, Appellants.

First Department, November 19, 1937.

*George A. Orr* of counsel [*Wallace, Orr & Wilcox*, attorneys], for the appellants.

*Charles S. Rosenschein*, for the respondent.

CALLAHAN, J.   In the present action, brought by a trustee in bankruptcy, the complaint seeks, in a single cause of action, the following relief: (1) The cancellation of a transfer of certain stock as in fraud of the bankrupt's creditors; (2) cancellation of a transfer of a legacy and of a real property mortgage on like grounds; (3) a declaration that one of the individual defendants has no lien on said stock, or mortgage, or on certain jewelry; (4) the accounting usually sought in a derivative stockholder's suit.

The dispute concerning the mortgage and jewelry does not appear to be in anywise related to the affairs of the corporation.   Plaintiff's only interest in these properties is in behalf of the bankrupt's creditors.

Generally, a plaintiff may not include in a single complaint an individual cause of action to cancel a transfer of corporate stock, and a cause on behalf of a corporation, such as a representative stockholder's action.   (*Brock* v. *Poor*, 216 N. Y. 387.)   If, however, the .individual relief plaintiff seeks is merely incidental to that sought in the derivative suit, he is not required to first resort to a separate equity action for such incidental relief.   For instance, if it is claimed by plaintiff that, as part of a connected scheme to plunder the corporation, the defendants fraudulently procured the transfer of plaintiff's stock, so as to deprive him of the status from which he could bring a stockholder's action, the restoration to that status may be sought in the derivative suit.   (*Brock* v. *Poor, supra.*)   Or, if the plaintiff claims to be the owner of stock giving him the status to sue, and the defendants' officers and directors refuse to transfer such stock to plaintiff's name on the

books of the company, the right to such transfer may likewise be asserted in the complaint seeking derivative relief. (*Berger* v. *Forty-Eighth & Fifty-Sixth Streets Realty Corp.*, 232 App. Div. 571.)

It is clear that this complaint does not seek relief which is merely incidental to the derivative action, but includes matters entirely foreign to it, and that it contains more than one cause of action. The motion to separately state and number such causes of action should have been granted.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted to the extent of requiring plaintiff to separately state and number his causes of action.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted to the extent of requiring plaintiff to separately state and number his causes of action.