## HOMEWOOD et al. v. STANDARD POWER & LIGHT CORPORATION et al.

### No. 229.

District Court, D. Delaware.

April 29, 1944.

Ivan Culbertson, of Wilmington, Del., and Maurice J. Dix, of New York City, for plaintiffs.

Howard Duane, of Wilmington, Del., and H. Preston Coursen, of New York City, for Standard Power & Light Corporation.

Caleb S. Layton, of Wilmington, Del., for H. M. Byllesby & Co.

Edwin D. Steel, of Wilmington, Del., for Bancamerica Corporation.

Clair J. Killoran, of Wilmington, Del., for A. C. Allyn & Co.

John J. Morris, Jr., U. S. Atty., of Wilmington, Del., and David Kadane, of Philadelphia, Pa., for the Securities and Exchange Commission.

LEAHY, District Judge.

This derivative stockholders' action started in September, 1941, on behalf of Standard Power and Light Corporation against certain investment bankers who allegedly illegally controlled the corporation to its loss. Answer was filed. The action has since been dormant. Now, plaintiffs seek to file a supplemental complaint—which defendants oppose—charging Standard with doing no business, as a useless holding company [1] with operating expenses exceeding income, with asset values less than liquidating preferences on Standard's preferred stock, and with sole voting power in the common stock, which is without equity. Standard's management is charged with designs to circumvent the Public Utility Holding Company Act of 1935, 15 U. S.C.A. § 79 et seq., by working solely in

the interests of the common stock. In substance, the supplemental pleading alleges that the causes of action set out in the original complaint are of enough value to pay preferred in full; that "disintegration" [sic] of Standard will occur without judicial control with resultant irreparable damage to preferred as they have "no voice" with respect to any plan of liquidation which, under the Act, must be filed and approved by the Securities and Exchange Commission; that this court should supervise an equitable dissolution of Standard by protecting Standard's causes of action against defendants; that Standard's management has failed to call a meeting of stockholders to vote upon a voluntary dissolution; that a certain plan of recapitalization filed by Standard Gas and Electric Company with the SEC will eliminate all value of that company's common stock owned by Standard; that the present interests of Standard's management is in conflict with their duties in protecting Standard's interests in the Standard Gas and Electric Company plan; that a forced sale of Standard's assets would be detrimental to its preferred stockholders; and finally, no judicial proceedings have been started by Standard for its liquidation or distribution of its assets.

On the basis of these supplemental allegations, plaintiffs pray (1) for a court-appointed trustee to protect preferred stockholders in all proceedings before the SEC; (2) to submit a plan before the Commission protecting the causes of action alleged in the original complaint; (3) to intervene in the proceedings for recapitalization of Standard Gas and Electric Company; and (4) to take possession of and distribute Standard's assets.

Standard objects to the supplemental pleading because it fails to state a claim upon which relief can be granted[2], because it pleads a new cause of action,[3] and because it pleads a cause of action which can not be joined with the particular causes of action set forth in the original complaint.[4]

[1] On June 19, 1942, the Securities and Exchange Commission entered an order under Sec. 11(b) (2) of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79k(b), requiring Standard to liquidate and terminate its existence. No appeal was taken from this order and the appeal period has elapsed. Standard has, however, by order of the Commission, until June of this year to submit a plan of liquidation.

[2] Reliance is had on Myers v. Occidental Oil Corp., D.C.Del., 288 F. 997, and Edwards v. Bay State Gas Company, C. C.Del., 91 F. 942.

[3] Berssenbrugge v. Luce Mfg. Co., D. C., 30 F.Supp. 101.

[4] Standard relies on Brock v. Poor, 216

The court finds it unnecessary to consider the preliminary arguments urged by plaintiffs as to the application of certain of the Rules of Civil Procedure.[5] Likewise, it is unnecessary to consider the other points urged by plaintiffs that, even in the face of Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, a federal court may grant relief by appointment of a receiver or trustee of a solvent corporation, in the case of fraud and mismanagement, irrespective of state law.[6]

In re Standard Power & Light Corporation, D.C.Del., 48 F.Supp. 716, this court held that where the SEC had ordered Standard, as a public utility holding company, to liquidate and terminate its existence, a preferred stockholder could not invoke the process of a state chancery court to liquidate the utility in view of the Public Utility Holding Company Act of 1935, §§ 11(b–d), 18(f), 15 U.S.C.A. §§ 79k (b–d), 79r(f), and Jud.Code, § 265, 28 U. S.C.A. § 379. As the crux of the relief presently sought by plaintiffs is essentially the same as that sought by the intervener in the earlier case (48 F.Supp. 716), obviously the court's former holding is a fortiori authority against plaintiffs here. It becomes quite unnecessary, then, to repeat what was said in the former opinion respecting the expert competence of the SEC to carry through to completion its

N.Y. 387, 111 N.E. 229; Levine v. Elbe, 252 App.Div. 511, 299 N.Y.S. 888; Abrahams v. Bachmann, 238 App.Div. 320, 264 N.Y.S. 131; Witherbee v. Bowles, 201 N.Y. 427, 95 N.E. 27; Willcox v. Harriman Securities Corp., D.C., 10 F. Supp. 532; Harden v. Eastern States Public Service Co., 14 Del.Ch. 156, 122 A. 705; Fleer v. Frank H. Fleer Corp., 14 Del.Ch. 277, 125 A. 411; Perrine v. Pennroad Corp., 20 Del.Ch. 106, 171 A. 733; Morse v. Bay State Gas Co., C.C. Del., 91 F. 944. The court considers it unnecessary to discuss the applicability of these cases at this time.

[5] Rule 15(a) of the F.R.C.P., 28 U.S. C.A. following section 723c, that leave "shall be freely given whenever justice so requires", which is similar to old Equity Rule 19, 28 U.S.C.A. § 723 Appendix, which provided for amendments "in furtherance of justice". And City of Indianapolis v. Chase Nat. Bank, 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47, for "Litigation is the pursuit of practical ends, not a game of chess."

[6] Plaintiffs urge that Galdi v. Jones, 2 Cir., 141 F.2d 984, holds that a federal District Court, under its general equity powers, has, independent of any state statute, power to appoint a receiver for a solvent corporation at the request of a stockholder claiming waste and gross mismanagement, i. e., federal courts apply equitable remedies without restraint by state law.

In support of this view, a reading is suggested of Smyth v. Ames, 169 U.S. 466, 516, 18 S.Ct. 418, 42 L.Ed. 819; Mississippi Mills v. Cohn, 150 U.S. 202, 14 S.Ct. 75, 37 L.Ed. 1052; Union Bank of Tennessee v. Vaiden, 18 How. 503, 59 U.S. 503, 15 L.Ed. 472. In Pusey Jones Co. v. Hanssen, 261 U.S. 491, 43 S.Ct. 454, 456, 67 L.Ed. 763, Mr. Justice Brandeis, after considering the Delaware statute which authorized the appointment of a receiver where a corporation was insolvent in the equity sense (solvent but unable to meet maturing obligations as the same fell due), said: "But because that which the statute confers is merely a remedy, the statute cannot affect proceedings in the federal courts sitting in equity." In Burnrite Coal Briquette Co. v. Riggs, 274 U.S. 208, 47 S.Ct. 578, 71 L.Ed. 1002, where a receiver was appointed for a solvent corporation, Mr. Justice Brandeis again said (page 209 of 274 U.S., page 578 of 47 S.Ct., 71 L.Ed. 1002): "This suit was brought in the federal court for New Jersey against Burnrite Coal Briquette Company, a Delaware corporation, by Riggs, a stockholder. The bill charged gross mismanagement; [and] prayed for the appointment of a receiver to conserve assets * * * [page 212 of 274 U.S., page 579 of 47 S.Ct., 71 L.Ed. 1002] The Court of Appeals held that there was lack of jurisdiction over the subject-matter. It assumed that the jurisdiction * * * was dependent upon the state statute. This was error. A federal district court may, under its general equity powers independently of any state statute, entertain a bill of a stockholder against the corporation for the appointment of at least a temporary receiver in order to prevent threatened diversion or loss of assets through gross fraud and mismanagement of its officers." Cf. Tower Hill-Connellsville Coke v. Piedmont Coal Co., 4 Cir., 64 F.2d 817, 91 A.L.R. 648, certiorari denied 290 U.S. 675, 54 S.Ct. 93, 78 L.Ed. 582; Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192; Id., 4 Cir., 75 F.2d 451. See, Barrett v. Denver Tramway Co., D.C.Del., 53 F.Supp. 198, 201, 203.

own orders. The Commission has taken Standard into its custody. It presently has before it Standard Gas and Electric Company's plan of recapitalization which will, undoubtedly, deal with Standard's rights and liabilities with respect to the former company. Hence, the Commission's order of June 19, 1942, directing Standard to present a plan of liquidation to the Commission, was an order to liquidate under the Commission's supervision and in no other manner. The present proffer of plaintiffs to file a supplemental complaint must not interfere with the Commission's investigation of the affairs of both Standard and Standard Gas and Electric Company. If committed, the alleged sins of Standard's management in dealing with their own company and its interests in Standard Gas and Electric Company will come to light. The preferred stockholders do not allege that the SEC has refused any relief sought. The administrative agency in investigating the relative values of all interests in both corporate enterprises has not denied to a single preferred stockholder the right to be heard. It is not the function of the Commission to insist that the plaintiffs here, or any other stockholder, appear before it and tell of their grievances. The fact that the plaintiffs have not gone to the Commission is not without significance. Where a party does not seek to enlist the protective sanctions of the SEC, or at least warn that agency by formal charges that potential equities lurk behind a submitted plan of a utility, in favor of a particular group, a court should hesitate to proceed with litigation against companies which are under the jurisdiction of the Commission.

Some may call this delayed judicial action, but this court, in attempting to integrate the Public Utility Holding Company Act into the judicial process in view of the SEC's statutory duties, rules that the supplemental complaint may only, at this time, be filed with the clerk. The supplemental pleading will simply rest here until the SEC completes its administrative analysis of both the Standard Gas and Electric Company plan, now before the Commission, and Standard's plan, which must be filed within several months. The Commission's recommendations respecting the prosecution or abatement of the instant action now pending in this court, after it has passed on both plans, will receive critical examination. But no forward action, by way of responsive pleading, will be required of defendants. The Commission once moved this court (48 F.Supp. 720) to take exclusive jurisdiction of Standard's assets under Sec. 11(d) of the Act. In time, that application may be renewed. In the interim, the court finds no present necessity for the appointment of a trustee of Standard's assets for any of the purposes detailed in the supplemental pleading.

An order may be submitted permitting the supplemental complaint to be filed with the clerk.